[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2005
THOMAS K. KAHN
CLERK

No. 04-13478
Non-Argument Calendar

D. C. Docket No. 03-00022-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIANNE L. DYSON,
a.k.a. Nicole Marie Lanier,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Georgia

(May 17, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Dianne L. Dyson appeals her 115-month sentence for possession of more

than 15 counterfeit access devices with intent to defraud, in violation of 18 U.S.C. § 1029(c)(1)(A)(i).[1] Dyson raises two issues: (1) whether her lawyer failed to provide her with effective assistance of counsel, and (2) whether the district court, in basing her sentence in part on facts she did not admit and a jury did not find, violated the Sixth Amendment under Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We do not reach Dyson's first issue because the record as it relates to that issue has not been fully developed. Dyson may pursue her ineffective assistance claim on collateral attack, by filing a motion pursuant to 28 U.S.C. § 2255. We turn, then, to Dyson's second issue.

In arriving at the sentence in this case, the district court, accepting the facts and Guidelines application presented in the Probation Office's presentence report, determined that Dyson's base offense level was six, as prescribed by U.S.S.G. § 2B1.1(a)(2). The court then enhanced that level by 14 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because the case involved a "loss" of more than $400,000 but less than $1 million. Dyson did not object to this enhancement, nor to the facts on which the court based it. In her brief to us, however, she contends that Blakely barred the court from making the enhancement based on facts it alone established—facts she did not admit and a jury did not find.

---

[1] The court sentenced Dyson after accepting her plea of guilty to the offense.

2

Because Dyson did not present her <u>Blakely</u> objection to the district court, we review the district court's alleged <u>Blakely</u> error for plain error. <u>See</u> Fed.R.Crim.P. 52(b); <u>United States v. Rodriguez</u>, 398 F. 3d 12191 (11th Cir. 2005), <u>rehearing en banc denied</u>, ___ F. 3d ____, 2005 WL 895174 (11th Cir. Apr. 19, 2005). Dyson's <u>Blakely</u> objection is now a <u>Booker</u> objection, <u>see</u> <u>United States v. Booker</u>, 543 U.S. ____, 125 S. Ct. 738, ___ L. Ed. 2d ____ (2005) (which made <u>Blakely</u> applicable to the federal Guidelines sentencing system.) <u>Rodriguez</u>, 398 F. 3d at 1291.

To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial. <u>United States v. Olano</u>, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Concerning the third prong, in most cases the error will be prejudicial if it "affected the outcome of the district court proceedings." <u>Id.</u> at 734, 113 S.Ct. at 1778. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).

<u>Rodriguez</u> dictates our application of the plain error test in this case. Following <u>Rodriguez</u>, we conclude that error (the enhancement of Dyson's base

3

offense level based on facts not admitted by Dyson or found by a jury) occurred, Rodriguez, 398 F. 3d at 1299, and that it was plain. Id. The question thus becomes whether the third prong of the plain error test has been met in this case, i.e., whether the error affected Dyson's substantial rights.

The defendant has the burden of showing such prejudice—that the error affected his substantial rights. Id. at 1299.

> [T]he . . . defendant [must] show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

Id. at 1300.

Dyson has failed to carry this burden. Under Booker, although the Guidelines are no longer mandatory (but only advisory), the court nonetheless consults them in fashioning a sentence. See 18 U.S.C. § 3553(c). After doing so, the court looks to the sentencing factors set out in 18 U.S.C. § 3553(a). Id. at 1301. At the sentencing hearing in this case, the court, in imposing a sentence at the high end of the Guidelines sentence range (which reflected the 14-level enhancement Dyson complains of), stated that the sentence was consistent with "the philosophy of the guideline sentencing." Given this statement in the record,

4

we could hardly say that the court would probably have given Dyson a significantly lesser sentence had it treated the Guidelines as advisory rather than mandatory.

Dyson has failed to establish the third prong of plain error review. Hence, her sentence is due to be affirmed.

**AFFIRMED.**

Tjoflat, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). I concur in the court's judgment because we are Rodriguez bound.